FILED

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

2007 AUG 24  PM 3: 17

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLA.
JACKSONVILLE, FLORIDA

WILLIE JAMES BAKER; GENEVA BEEBE;
GERALD BOLENA; JAMES BROWN;
BEVERLY CARLTON; BRAXTON
COLLIER; CLIFFORD EDDY; NELL S.
FAGAN; RANDY HOUSTON; REGINA
HUDSPETH; DORETHA JACKSON; NELL
KEMPER; MARTHA J. LLOYD; JANNIE
MIXSON; ELIZABETH PETERS; FRANKIE
PRICE; NATHANIEL QUARTERMAN;
PATRICIA RAY; LARRY RILEY; GEORGE
ROSIER; CLAUDE W. SHARP, SR.;
CLARENCE SUGGS; THELMA
THORNTON; KENNETH WATKINS; and
IRENE WILSON,

CASE NO: 3:07-cv-795-J-32HTS

       Plaintiffs,

vs.

R.J. REYNOLDS TOBACCO CO., individually
and as successor by merger to the BROWN &
WILLIAMSON TOBACCO CORPORATION
and THE AMERICAN TOBACCO COMPANY,
a foreign corporation; and PHILIP MORRIS
USA, Inc., a foreign corporation,

       Defendants.

_____/

## COMPLAINT

      Plaintiffs hereby sue the Defendants as follows:

## INTRODUCTION AND GENERAL ALLEGATIONS

     1.     This is a complaint against the Defendants seeking compensatory and punitive

damages in accordance with the Florida Supreme Court's class action decision and mandate in

*Engle v. Liggett Group, Inc.,* 945 So.2d 1246 (Fla. 2006).  In approving the *Engle* Phase I class

certification and trial, but ordering post Phase I class decertification, the Florida Supreme Court

provided this opportunity to complete unresolved damages claims.  The Court held: "that it was

proper to allow the jury to make findings in Phase I on Questions 1 (general causation), 2 (addiction

of cigarettes), 3 (strict liability), 4(a) (fraud by concealment), 5(a) (civil-conspiracy-concealment), 6

(breach of implied warranty), 7 (breach of express warranty), and 8 (negligence). Therefore, these findings in favor of the *Engle* class can stand." The Court further held that specified liability and general causation findings by the *Engle* jury did not need to be proved again as they shall be given **res judicata** effect. Consequently, Plaintiffs bring this action upon the limited remaining issues in dispute, *to-wit*: specific causation, apportionment of damages, comparative fault, compensatory damages, entitlement to punitive damages, and punitive damages.

2.      Plaintiffs were at times material residents of the State of Florida, suffering from a tobacco related illness.

3.      The Defendants are manufacturers of cigarettes, or their successors/predecessors are manufacturers of cigarettes, and they are foreign corporations doing business in Florida who, at times material to this action, designed, manufactured, advertised, marketed, and sold tobacco products for human consumption which proximately caused injury to Plaintiffs. They are: R. J. Reynolds Tobacco Company, individually and as successor by merger to Brown & Williamson Tobacco Corporation and The American Tobacco Company; and Philip Morris USA, Inc. All of the foregoing Defendants are Defendants in *Engle*.

4.      Plaintiffs are seeking damages in excess of $75,000.00.

5.      Subject matter jurisdiction is proper, pursuant to 28 U.S.C. § 1332.

6.      **Cigarette Products**. Plaintiffs purchased, smoked, and were addicted to cigarette products manufactured and sold by Defendants which were the subject of *Engle*. They were designed, manufactured, advertised, marketed, and sold by the Defendants at all times material to these claims.

7.      **Common Liability Findings**. Plaintiffs assert the jury findings in the Phase I *Engle* trial which were given **res judicata** effect by the Florida Supreme Court, including but not limited to the following:

        a.      Smoking cigarettes causes aortic aneurysm, bladder cancer, cerebral vascular disease, cervical cancer, chronic obstructive pulmonary disease, coronary heart

2

disease, esophageal cancer, kidney cancer, laryngeal cancer, lung cancer (specifically, adenocarcinoma, large cell carcinoma, small cell carcinoma, and squamous cell carcinoma), complications of pregnancy, oral cavity/tongue cancer, pancreatic cancer, peripheral vascular disease, pharyngeal cancer, and stomach cancer.

b.      Nicotine is addictive.

c.      All of the Defendants placed cigarettes on the market that were defective and unreasonably dangerous.

d.      All of the Defendants concealed or omitted material information not otherwise known or available, knowing that the material was false or misleading, or failed to disclose a material fact concerning the health effects or addictive nature of smoking cigarettes or both.

e.      All of the Defendants agreed to conceal or omit information regarding the health effects of cigarettes or their addictive nature with the intention that smokers and the public would rely on this information to their detriment.

f.      All of the Defendants sold or supplied cigarettes that were defective.

g.      All of the Defendants were negligent.

8.      As a direct and proximate result of Plaintiffs' smoking of Defendants' cigarettes, Plaintiffs suffered bodily injury.  Defendants' cigarettes caused Plaintiffs to develop one or more cigarette-related diseases or medical conditions and one or more of them resulted in or substantially contributed to Plaintiffs' injuries.  Plaintiffs claim all damages allowed by law.  As a direct and proximate result of Plaintiffs' injuries, Plaintiffs have and will suffer: mental and emotional pain, medical and financial expenses, and shortened life expectancy.  Plaintiffs' cigarette-related illnesses resulted in aggravation of previously existing conditions, physical pain and suffering, mental and emotion distress, medical expenses, and shortened life expectancy.  Additionally, spouses of the injured smokers have and will suffer the loss of the injured smokers' love, affection, support,

services, protection, companionship, instruction and guidance, including past and future deprivation of the comfort, society and consortium of their spouse.

9.     The threshold requirement for pleading punitive damages has been previously met in the *Engle* Phase I proceeding.

## COUNT I – STRICT LIABILITY

10.     The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

11.     As a direct and proximate result of Defendants' defective and unreasonably dangerous cigarettes, Plaintiffs were injured.

WHEREFORE, Plaintiffs demand judgment for damages, including costs, interest as applicable, and punitive damages.

## COUNT II – BREACH OF EXPRESS WARRANTY

12.     The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

13.     As a direct and proximate result of Defendants' breach of express warranty, Plaintiffs were injured.

WHEREFORE, Plaintiffs demand judgment for damages, including costs, interest as applicable, and punitive damages.

## COUNT III – BREACH OF IMPLIED WARRANTY

14.     The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

15.     As a direct and proximate result of Defendants' breach of implied warranty, Plaintiffs were injured.

WHEREFORE, Plaintiffs demand judgment for damages, including costs, interest as applicable, and punitive damages.

## COUNT IV – CIVIL CONSPIRACY TO FRAUDULENTLY CONCEAL

16.     The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

17.     As a direct and proximate result of Defendants' conspiracy to fraudulently deceive, Plaintiffs were injured.

WHEREFORE, Plaintiffs demand judgment for damages, including costs, interest as applicable, and punitive damages.

## COUNT V – FRAUDULENT CONCEALMENT

18.     The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

19.     As a direct and proximate result of Defendants' fraudulent concealment, Plaintiffs were injured.

WHEREFORE, Plaintiffs demand judgment for damages, including costs, interest as applicable, and punitive damages.

## COUNT VI – NEGLIGENCE

20.     The Introduction and General Allegations above are re-alleged and incorporated herein by reference.

21.     As a direct and proximate result of Defendants' negligence, Plaintiffs were injured.

WHEREFORE, Plaintiffs demand judgment for damages, including costs, interest as applicable, and punitive damages.


DATED this  24TH  day of August, 2007.

WILNER BLOCK

Norwood S. "Woody" Wilner
Florida Bar No.:  222194
**Stephanie J. Hartley**
Florida Bar No.:  0997846
**Wilner Block**
3127 Atlantic Boulevard, Suite 3
Jacksonville, Florida 32207
Telephone:  (904) 475-9400
Facsimile:   (904) 391-6895

**Charlie Easa Farah, Jr.**
Florida Bar No.:  870080
**The Law Firm of Farah & Farah**
10 West Adams Street
Jacksonville, Florida 32202
Telephone:  (904) 396-5555
Facsimile:   (904) 358-2424

**Michael A. London**
Federal Court No.:  7510
**Douglas & London, P.C.**
111 John Street, 14th Floor
New York, New York 10038
Telephone: (212) 566-7500
Facsimile:   (212) 566-7501

***Attorneys for Plaintiffs***